IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HORACE LINTON BROWN,** | * | |
|     **Plaintiff,** | * | |
| v. | * | Civ. No. DLB-24-1914 |
| **DIRECTOR RYAN ROSS,** *et al.*, | * | |
|     **Defendants.** | * | |

**MEMORANDUM OPINION**

Self-represented plaintiff Horace Linton Brown, previously detained at the Charles County Detention Center ("CCDC"), filed this suit for damages pursuant to 42 U.S.C. § 1983 against Director Ryan Ross, Captain Stine, Corporal Hancock, and Director Foster. ECF 1. Brown subsequently filed a second complaint, which contains additional allegations and which the Court construes as a supplement to Brown's original complaint. ECF 3. Brown alleges that he was detained at least 11 days and possibly up to 146 days past his rightful release date. ECF 1, at 5; ECF 3, at 4. The defendants filed a motion to dismiss. ECF 7. Brown opposed the motion and filed a motion to add a new defendant. ECF 10 & 11. No hearing is necessary to resolve the pending motions. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the motion to dismiss is denied, and the motion to add a new defendant is granted.

**I.  Background**

Brown alleges that on September 30, 2021, he was sentenced to 18 months' imprisonment in CCDC and that he began serving his sentence on October 15, 2021. ECF 1, at 5. Brown states that he was given an estimated release date of October 3, 2022, which took into account good time and work credits Brown earned. *Id*. Brown contends that he was erroneously credited only with 5 days of good time per month rather than 10 days, because his case was misclassified as violent

even though it did not meet the requirements for such classification. *Id*. Brown reported the miscalculation on February 7, 2022, and Hancock responded that the calculation was correct. *Id*. On June 6, 2022, Brown reported the miscalculation to Smith. *Id.* Smith responded that Hancock previously addressed the issue, and he recommended that Brown contact his attorney. *Id*. On June 25, 2022, Brown sent a request to Stine, who "finally realized the mistake and ordered petitioner released on 7/14/2022 around 2 pm." *Id*. Brown contends that he should have been released 11 days earlier, on July 3, 2022. *Id*. He further contends that he was denied a parole hearing due to the misclassification of his case as violent and that if he had a parole hearing, he may have been released several months earlier. *Id*.

## II. Standard of Review

The defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Baltimore. Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). If, however, an affirmative defense "clearly appears on the face of the complaint," it may be raised as a basis for dismissal under Rule 12(b)(6). *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe *pro se* pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint," *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a *pro se* complaint "still 'must contain enough facts to state a claim for relief that is plausible on

3

its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

### III.   Discussion

The defendants raise the affirmative defense that Brown has failed to exhaust his state remedies. ECF 7-1, at 3. They contend that, before Brown may pursue suit for damages in federal court, he must exhaust his remedies in state court by challenging the duration of his confinement in state court. *Id*. Yet the defendants have not identified any statute or caselaw that required Brown to exhaust his state remedies before he filed suit in federal court.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, does not apply to this case. The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Brown was not a prisoner when he filed suit. Thus, the PLRA and its exhaustion requirements do not apply here.

The defendants cite *Muhammad v. Close*, 540 U.S. 749 (2004), but that case does not require exhaustion of state remedies in a case like this one. There, the Supreme Court determined that the requirement in *Heck v. Humphrey*, 512 U.S. 477 (1994)—that a prisoner must "resort to state litigation and federal habeas" before they may bring a § 1983 action—"is not . . . implicated" when a prisoner brings a "challenge that threatens no consequence for his conviction or the duration of his sentence." *Muhammad*, 540 U.S. at 751. *Muhammad* and *Heck* are inapplicable here because Brown was not a prisoner when he filed suit. Neither *Heck* nor *Muhammad* established an exhaustion requirement for § 1983 claims by non-prisoners.

4

Other than *Muhammad*, the defendants cite no authority for their position on exhaustion. They have not shown that Brown needed to exhaust state remedies before he could bring a § 1983 action in this Court. The motion to dismiss for failure to exhaust administrative remedies is denied. The defendants do not seek dismissal of the complaint on any other grounds.

### IV.     Brown's Motion to Add New Defendant

Brown seeks to add a Carolyn J. Scruggs, Secretary of DPSCS, as a defendant, because "DPSCS is responsible for correctly classifying inmates as violent or non-violent and if classified as non-violent have the responsibility to conduct a timely Parole hearing with inmates prior to serving one quarter of their term of imprisonment." ECF 11, at 1. Brown contends that because DPSCS incorrectly classified his case as violent, he was not provided a parole hearing or an opportunity to be released several months earlier. *Id*. at 2.

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Brown filed his motion to add a defendant 34 days after the defendants filed their motion to dismiss. ECF 7, 11. Even though Brown did not file his motion within Rule 15's 21-day window, in light of his pro se status and because the defendants must file an additional response to the complaint and supplement, Brown's motion is granted. Carolyn Scruggs shall be added as a defendant, and she must file a response to the complaint and supplement.

## V. Conclusion

The defendants' motion to dismiss is denied. The defendants must respond to the complaint and supplement within 60 days of the date of this memorandum opinion and accompanying Order. Brown's motion to add a new defendant is granted. Scruggs must respond to the complaint and supplement within 60 days of service.

A separate order follows.

September 9, 2025
Date

Deborah L. Boardman
United States District Judge